**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7466**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DANNY L. BLACKMON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:03-cr-00077-BO-1)

Submitted:  June 15, 2021                   Decided:  August 10, 2021

Before MOTZ, HARRIS, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Danny L. Blackmon, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny L. Blackmon appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, we vacate the district court's order and remand for further proceedings.

In August 2003, Blackmon was charged with kidnapping, in violation of 18 U.S.C. § 1201, and four counts of aggravated sexual abuse by using force, in violation of 18 U.S.C. § 2241(a)(1). A jury found Blackmon guilty of kidnapping but acquitted him of the four counts of aggravated sexual abuse. The presentence report ("PSR") assigned Blackmon a base offense level of 32, and then increased that offense level by several factors, including adding 6 levels because the offense involved sexual exploitation. *See* U.S. Sent'g Guidelines Manual § 2A4.1(b)(5). Offenses involving sexual exploitation include offenses set forth in 18 U.S.C. § 2241. *See* USSG § 2A4.1 cmt. n. 3.

At sentencing, Blackmon objected to the six-level increase for sexual exploitation primarily on the basis that the jury acquitted him of aggravated sexual abuse. Based on the jury's acquittal and a review of the trial evidence, the district court sustained Blackmon's objection and removed the six-level adjustment from Blackmon's total offense level. Blackmon was sentenced to 365 months' imprisonment. Blackmon attempted on at least two occasions postsentencing to have his PSR modified to reflect that the six-level increase was removed, but those motions were denied.

In August 2020, Blackmon filed a motion for compassionate release, asserting that he faces an increased risk of serious disease if he is infected with the coronavirus because he is 65 years old and suffers from asthma and lung damage due to tuberculosis. He also

2

noted that he has served more than half his sentence. Blackmon also claimed that his institution was not equipped to handle the pandemic because there is no systematic testing or contact tracing. He noted that he is housed in a 12-person cell where social distancing is impossible and there is no personal protective equipment or enough soap for washing hands. Blackmon declared that he would live with his mother if released and would receive social security due to his disability.

Appointed counsel filed a memorandum in support of Blackmon's motion for compassionate release, asserting that Blackmon's health and the conditions at his place of incarceration presented extraordinary and compelling reasons for Blackmon's release. Counsel noted that Blackmon receives albuterol for his wheezing, breathing difficulties, and pain, and that he has been treated for a dry hacking cough, night sweats, shortness of breath, and tuberculosis, making him particularly vulnerable to severe complications due to COVID-19. According to counsel, the Centers for Disease Control and Prevention declared that persons with moderate to severe asthma have a higher risk of complications due to COVID-19.

The Government opposed Blackmon's motion, asserting that he did not establish extraordinary and compelling reasons warranting his release. The Government stated that Blackmon's kidnapping offense involved the rape of his estranged wife and asserted that Blackmon would pose a risk to the public if he were released, citing 18 U.S.C. § 3553(a)(2)(C). The Government claimed that releasing Blackmon would give him an opportunity to follow through with his threats against his estranged wife. The Government

3

also noted that Blackmon has seven prior felony convictions, a misdemeanor assault conviction, and multiple prison infractions.

The district court denied Blackmon's motion, acknowledging that compassionate release may be available to defendants who demonstrate extraordinary and compelling reasons, but that the 18 U.S.C. § 3553(a) sentencing factors in this instance did not warrant relief. The court relied on the violent actions Blackmon took to get his estranged wife into his van, the alleged rape that followed the kidnapping, Blackmon's criminal history, and his postsentencing conduct.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, § 603(b)(1), 132 Stat. 5194, 5239, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's ruling on a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). A district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion," "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (internal quotation marks omitted).

Even if the court finds extraordinary and compelling reasons that warrant early release, the court must consider the 18 U.S.C. § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). "Those factors include 'the nature and circumstances of the offense'; 'the history and characteristics of the defendant';

4

'the need to avoid unwarranted sentence disparities'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public,' and 'provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner.'" *High*, 997 F.3d at 186 (quoting 18 U.S.C. § 3553(a)).

Here, the district court denied Blackmon's motion for compassionate release based on its consideration of the § 3553(a) sentencing factors, particularly the nature and circumstances of the kidnapping, Blackmon's criminal history, and his postsentencing conduct. Concerning the nature and circumstances of the offense, the court took note that the PSR indicated that "the victim was ambushed by defendant in her home, shot in the neck with a pellet gun that left a pellet lodged three inches into her jaw muscle, yanked by the hair and forced into a van, and brutally raped by defendant." (PACER No. 264 at 2). As noted, Blackmon was acquitted of the four counts of aggravated sexual abuse. "A jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge[s], so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). But in this instance, because the sentencing court sustained Blackmon's objection to the six-level increase for sexual exploitation due to lack of evidence, the sexual exploitation allegations were not supported by a preponderance of the evidence. Thus, we conclude that the district court relied on an erroneous factual premise when it cited the allegations of sexual abuse

5

detailed in the PSR that were rejected by the jury and not considered by the sentencing court as it determined Blackmon's total offense level.[*]

Accordingly, we vacate the district court's order and remand for further proceedings. We express no view on whether the applicable § 3553(a) sentencing factors warrant Blackmon's release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We note that Judge Boyle was not the same district judge who presided over Blackmon's trial and sentencing in 2004.